UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

   Plaintiff,

v.

NINE THOUSAND NINE HUNDRED
SEVENTY DOLLARS IN U.S. CURRENCY
($9,970.00),

   Defendant *in rem*.

                 /

Case No. 13-11967

Honorable John Corbett O'Meara

## ORDER GRANTING GOVERNMENT'S FEBRUARY 19, 2014 MOTION TO STRIKE AND REQUEST FOR ENTRY OF DEFAULT JUDGMENT AND FINAL ORDER OF FORFEITURE

This matter came before the court on the government's February 19, 2014 Motion to Strike Purported Claim Filed by Deon Powell and Request for Entry of Default Judgment and Final Order of Forfeiture. Claimant Deon Powell filed a response March 4, 2014; and the government filed a reply brief April 3, 2014. The order entered an order February 20, 2014, notifying the parties that the motion would be determined without oral argument.

### BACKGROUND FACTS

The government filed its complaint in this case May 2, 2013, alleging that the defendant currency constituted proceeds or facilitating property involved in illegal drug trafficking and subject to forfeiture under 21 U.S.C. § 881(a)(6). Ultimately, Deon Powell filed a claim for the currency. The government argues that Powell lacks the statutory standing required to proceed in this forfeiture action and further requests entry of default judgment against Powell and all other persons and entities, resulting in a final order of forfeiture of the defendant currency.

## LAW AND ANALYSIS

The Civil Asset Forfeiture Reform Act of 2000 ("CAFRA") and the Supplemental Rules govern judicial forfeiture actions arising from a federal statute. In order to pursue a claim, both Article III standing and statutory standing are required. United States v. Vehicle 2007 Mack Dump Truck, 680 F. Supp. 2d 822 (E.D. Mich. 2010). Article III standing is satisfied when a claimant demonstrates "a legally cognizable interest" in the defendant currency. One 2001 Cadillac Deville Sedan, 335 F. Supp. 2d 769, 772 ((E.D. Mich. 2004). For statutory standing, a claimant must strictly comply with the Supplemental Rules. Mack Dump Truck, supra, at 822.

Pursuant to Rule G(5)(a), the claim must provide enough detail to identify how the claimant obtained possession of the claimed currency. United States v. $39,557.00, More or Less, in U.S. Currency, 683 F. Supp. 2d 335, 339-40 (D.N.J. 2010). Additional details sufficient to support a claim may include the following: a description of the person or persons from whom the purported claimant received the claimed property, the date(s) and place(s) of receipt, and a description of the transaction(s) that generated the claimed property. United States v. $134,750.00 in U.S. Currency, 2010 WL 1741359, *3 (D. Md. 2010).

In this case Powell's purported claim states merely that family and friends put money together for him so he could buy a house, that the majority of the money came from a former love interest, and that he had been putting the money away for four years. These cursory statements, however, are inadequate to support a claim because they lack the required details under Rule G(5)(a). As a result, Powell lacks statutory standing to challenge the forfeiture; and the court will strike his claim under Rule G(8) of the Supplemental Rules.

When a claim is stricken in a forfeiture proceeding and the claimant lacks standing to oppose the forfeiture, default judgment is appropriate. United States v. $5,730.00, 109 Fed. Appx. 712, 713-15 (6th Cir. 2004). In this case, the government has complied with the notice requirements of civil forfeiture, and no other person or entity has filed a claim as required by 18 U.S.C. § 983(a)(4)(A). Accordingly, the government is entitled to default judgment.

## ORDER

It is hereby **ORDERED** that Deon Powell's claim is **STRICKEN,** and default judgment is **ENTERED** against him.

It is further **ORDERED** that the default judgment **IS EXTENDED** to all other persons and entities.

s/John Corbett O'Meara
United States District Judge

Date: May 6, 2014

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, May 6, 2014, using the ECF system and/or ordinary mail.

s/William Barkholz
Case Manager

3